UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. EVANS,<br><br>               Plaintiff,<br><br>       v.<br><br>ADEKUNIE SHITTU, et al.,<br><br>               Defendants. | Case No.: 1:20-cv-01317-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS CASE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* BE DENIED |

Plaintiff Richard A. Evans is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on September 15, 2020, along with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.)

## I.

## DISCUSSION

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury.  The Court takes judicial notice of the following cases: (1) Evans v. Cal. Dep't of Corr. & Rehab., No. 2:17-cv-01891-JAM-KJN (E.D. Cal. 2018) (dismissed for failure to prosecute following a screening order finding that the complaint failed to state a claim); (2) Evans v. Cal. Dep't of Corr. & Rehab., No. 2:17-cv-01890-WBS-DB (E.D. Cal. 2018) (dismissed for failure to prosecute following a screening order finding that the complaint failed to state a claim); and (3) Evans v. Suisun Police Dep't, No. 2:17-cv-01889-KJM-CMK (E.D. Cal. 2018) (dismissed in 2018 for failure to state a claim).  Plaintiff has been informed on previous occasions that he is subject to § 1915(g).  See Evans v. Siebel, et al., No. 1:19-cv-00819-LJO-SAB (E.D. Cal. 2019); Evans v. Sherman, et al., No. 1:19-cv-00818-LJO-BAM (E.D. Cal. 2019).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on September 15, 2020.  Andrews, 493 F.3d at 1053-1056.  Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions.  Id. at 1053.  While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible.  Id. at 1055.

Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of serious physical injury at the time of filing.  Plaintiff alleges that over the course of approximately two years, he was denied adequate medical treatment for various conditions at four different prison facilities.  More specifically, Plaintiff contends that from June 5, 2017, Defendants have neglected the severity of the varicose veins in his legs and neglected the severity of his lower back spasms and left should pains.  Since October 2017, Defendants have neglected Plaintiff's vision requirements altering his abilities to litigate state and federal cases, and since September 2019, Defendants neglected Plaintiff's possible hearing lose concerns.  (Compl. at 6-7.)  Plaintiff's allegations fail to plausibly demonstrate that his physical conditions and alleged lack of medical treatment present an imminent and dangerous threat to his health.  "Vague and conclusory assertions regarding withheld medical treatment are insufficient to satisfy the imminent danger standard."  Manago v. Gonzalez, No. 1:11-cv-01269-GBC (PC), 2012 WL

439404, at *2 (E.D. Cal. Feb. 9, 2012), vacated June 20, 2012 (on grounds that erroneous gang validation put prisoner at imminent risk from documented enemies) (citations omitted).  Accordingly, the imminent danger exception to § 1915(g)'s three-strikes provision cannot and does not apply here.

## II.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2.) be denied; and
2. Plaintiff be required to pay the $400.00 filing fee within thirty (30) days of service of the Court's order adopting these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 17, 2020**

UNITED STATES MAGISTRATE JUDGE