UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. EVANS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ADEKUNIE SHITTU, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:20-cv-01317-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S REQUESTS FOR EMERGENCY RELIEF<br><br>(ECF Nos. 8, 9) |

　　　　Plaintiff Richard A. Evans is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On September 18, 2020, the undersigned issued Findings and Recommendations recommending that Plaintiff's motion to proceed in forma pauperis be denied because Plaintiff has suffered three or more strikes under 28 U.S.C. § 1915(g).  (ECF No. 7.)

　　　　On September 25, 2020, and October 1, 2020, Plaintiff filed separate requests for judicial notice.  (ECF Nos. 8, 9.)  Plaintiff contends that he was referred for surgery on his varicose veins in March 2020, but has not yet received the surgery.  (Id.)  The Court construes Plaintiff's requests for judicial as requests for injunctive relief.

///

///

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical"). "A plaintiff seeking a preliminary injunction must establish [ (1) ] that he is likely to succeed on the merits, [ (2) ] that he is likely to suffer irreparable harm in the absence of preliminary relief, [ (3) ] that the balance of equities tips in his favor, and [ (4) ] that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). The Ninth Circuit has held that " 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest," even if the moving party cannot show that he is likely to succeed on the merits. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (" '[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.' " (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))).

The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir.2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969. The undersigned has recommended that the Court deny in forma pauperis, and Plaintiff pay the $400.00 filing fee in full before this case proceed. Therefore, the Court lacks jurisdiction over prison officials not parties to a civil action.  Further, Plaintiff has not demonstrated

that he is at risk of suffering immediate and irreparable harm will result absent an order in this case. Accordingly, Plaintiff's requests for injunctive relief should be denied.

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's requests for injunctive relief be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 6, 2020**

UNITED STATES MAGISTRATE JUDGE