1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

11   RICHARD A. EVANS,                    )   Case No.: 1:20-cv-01317-DAD-SAB (PC)
                                          )
12                Plaintiff,               )
                                          )   FINDINGS AND RECOMMENDATION
13        v.                               )   RECOMMENDING PLAINTIFF'S MOTION
                                          )   FOR RELEASE BE DENIED
14   ADEKUNIE SHITTU, et al.,              )
                                          )   (ECF No. 16)
15                Defendants.              )
                                          )
16                                          )
                                          )
17   _____)

18        Plaintiff Richard A. Evans is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C.

19   § 1983.

20        Currently before the Court is Plaintiff's motion for compassionate release, filed October 27,

21   2020.  The Court construes Plaintiff's motion as a request for preliminary injunction.

22                                          **I.**

23                                   **LEGAL STANDARD**

24        The purpose of a temporary restraining order or a preliminary injunction is to preserve the

25   status quo if the balance of equities so heavily favors the moving party that justice requires the court to

26   intervene to secure the positions until the merits of the action are ultimately determined.  University of

27   Texas v. Camenisch, 451 U.S. 390, 395 (1981).  "A plaintiff seeking a preliminary injunction [or

28   temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely

                                            1

to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."  Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

A federal court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").  The Court may not attempt to determine the rights of persons not before it.  See Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983).

## II.

## DISCUSSION

Plaintiff's seeks release from state custody pursuant to California Code of Regulations, title 15, section 3076 and California Penal Code section 1170(d).

The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir.2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.  The undersigned has recommended that the Court deny in forma pauperis status because Plaintiff has suffered three or more strikes under 28 U.S.C. § 1915(g), and Plaintiff pay the $400.00 filing fee in full before this case proceed. Therefore, the Court lacks jurisdiction over prison officials not parties to a civil action.

Furthermore, this Court has no authority to order that an inmate be released as requested.  State prisoners may not attack the fact or length of their confinement in a § 1983 action and "habeas corpus is the appropriate remedy" for such claims.  Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); see also Nettles v. Grounds, 830 F.3d 922, 930 (9th Cir. 2016) (holding that habeas corpus is "available only for state prisoner claims that lie at the core of habeas (and is the exclusive remedy for such claims), while § 1983 is the exclusive remedy for state prisoner claims that do not lie at the core of habeas"). Here, plaintiff requests that this Court order his compassionate release.  However, such a claim lies directly within the core of habeas corpus because a plaintiff is challenging the validity of his continued confinement and a favorable determination would result in his immediate release.

As another magistrate judge in this district has opined:

> A plea for compassionate release is not one which federal courts, sitting in habeas, or any other situation, are entitled to act upon. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). "[N]either § 2241 nor § 2254 vest this Court with habeas corpus jurisdiction to order a compassionate release." Fox v. Warden Ross Correctional Inst., 2012 WL 3878143, *2 (S.D. Ohio Sep.6, 2012).  California's law authorizing a court to recall a sentence is not mandatory, but only permissive, and contains no language permitting, let alone mandating, a compassionate release. Gonzales v. Marshall, 2008 WL 5115882, *5 (C.D. Cal. Dec.4, 2008), citing Cal. Penal Code § 1170(d).

Tucker v. Department of Corrections, 2:13-cv-0293 GGH P, 2013 WL 1091282, *1 (E. D. Cal. Mar. 15, 2013).  Plaintiff seeks compassionate release pursuant to California Code of Regulations, title 15, section 3076, however,  claims that prison officials declined to follow this law are not cognizable in

federal court. <u>See</u> <u>Ransom v. Adams</u>, 313 Fed. Appx. 948, 949, 2009 WL 498980, *1 (9th Cir.2009) (affirming summary dismissal of petitioner's claim that he was entitled to compassionate release under Section 3076(d), because the assertion that state officials failed to follow state law "is not cognizable" in federal court). Accordingly, Plaintiff is not entitled to an order directing his compassionate release from state custody.

### III.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for compassionate release, filed on October 27, 2020, be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **October 28, 2020**

UNITED STATES MAGISTRATE JUDGE

4