UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. EVANS,<br><br>            Plaintiff,<br><br>     v.<br><br>ADEKUNIE SHITTU, et al.,<br><br>            Defendants. | No. 1:20-cv-01317-DAD-SAB (PC)<br><br>ORDER DENYING MOTION TO REOPEN THIS CASE AND FOR RECONSIDERATION<br><br>(Doc. No. 28) |

Plaintiff Richard Evans is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 9, 2021, the court dismissed this action without prejudice due to plaintiff's failure to pay the required filing fee. (Doc. No. 26.) The court also directed the Clerk of Court to close this case. (*Id.* at 2.) Accordingly, this case was closed on March 9, 2021.

Nevertheless, plaintiff has since filed a request for judicial notice and a motion to reopen this case and for reconsideration of the court's order dismissing this action. On April 26, 2021, plaintiff filed a one-page document captioned as a request for judicial notice, in which plaintiff asserts that the Eastern District of California has deprived him of his civil rights because despite his multiple requests, the court has not taken judicial notice of the "chain of the CDCR staff

1

misconduct." (Doc. No. 27.) Plaintiff's purported request for judicial notice merely reiterates his underlying complaints; it does not state judicially noticeable facts. *See* Fed. R. Evid. 201. Thus, the court will disregard plaintiff's purported request for judicial notice.

On May 11, 2021, plaintiff filed a one-page document titled "abuse of court's discretion," in which plaintiff asserts that the court deprived him of his due process rights when it dismissed this action due to his failure to pay the required filing fee. (Doc. No. 28.) Plaintiff also asserts that the court abused its discretion when it failed to consider his "state of emergency" and need for varicose vein surgery. (*Id.*) Accordingly, the court construes plaintiff's filing as a motion to reopen this case and for reconsideration of the court's order dismissing this action.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571

2

| | |
|---|---|
| 1 | F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in |
| 2 | original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or |
| 3 | different facts or circumstances are claimed to exist which did not exist or were not shown" |
| 4 | previously, "what other grounds exist for the motion," and "why the facts or circumstances were |
| 5 | not shown" at the time the substance of the order which is objected to was considered. |
| 6 | Here, plaintiff's motion does not identify any basis under Rule 60(b) upon which this |
| 7 | court should reconsider its order dismissing this action due to plaintiff's failure to pay the filing |
| 8 | fee as required. Instead, plaintiff merely reiterates that his "severe varicose veins are life |
| 9 | threatening and CDCR's negligence has made [his] condition progressively worse while in |
| 10 | custody." (Doc. No. 28.) Plaintiff also seeks to reopen this case to provide new images of his |
| 11 | veins, which he contends shows the need for surgery. (*Id.*) However, contrary to plaintiff's |
| 12 | assertion, the court specifically considered plaintiff's request for varicose vein surgery, which he |
| 13 | raised in his objections to the findings and recommendations recommending denial of his motion |
| 14 | for *in forma pauperis* status. (*See* Doc. No. 25.) The court concluded that the plaintiff's alleged |
| 15 | need for surgery did not amount to allegations of "imminent danger of serious physical injury"— |
| 16 | at the time he filed his complaint in this action—sufficient to satisfy exception to the three strikes |
| 17 | bar under 28 U.S.C. § 1915(g). (*Id.*) Plaintiff simply has provided no basis under Rule 60(b) to |
| 18 | support reconsideration of the court's order dismissing his action without prejudice due to his |
| 19 | failure to pay the required filing fee after the court denied his motion to proceed *in forma* |
| 20 | *pauperis*. Plaintiff has also not shown any basis to reopen this closed case. Accordingly, the |
| 21 | court will deny plaintiff's pending motion. |
| 22 | The court notes that this case was dismissed without prejudice. To the extent plaintiff |
| 23 | believes he is *currently* facing imminent danger of serious physical injury, plaintiff is not |
| 24 | precluded from filing a new action and moving to proceed *in forma pauperis* in that action on that |
| 25 | basis. |
| 26 | ///// |
| 27 | ///// |
| 28 | ///// |

Accordingly,

1. Plaintiff's motion to reopen this case and for reconsideration (Doc. No. 28) is denied;
2. This case shall remain closed; and
3. No further filings will be entertained in this closed case.

IT IS SO ORDERED.

Dated: __May 13, 2021__       *Dale A. Drozd*
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE